DANIEL R. TESESCHI, MARGARET A. MULLINS AND HARRY BELLAIR, RELATORS, v. THOMAS A. MATHIS, SECRETARY OF STATE OF THE STATE OF NEW JERSEY, RESPONDENT.

Submitted October 11, 1935—Decided February 13, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the relators, *Ernest S. Glickman.*

For the respondent, *David T. Wilentz (John Solan,* of counsel).

LLOYD, J. We have before us a rule to show cause why an alternative writ of *mandamus* should not issue commanding the secretary of state to file and record the petitioner's certificate of incorporation in accordance with the act concerning corporations. *Rev. of* 1896, *Comp. Stat., p.* 1502. Under the rule a stipulation of facts is agreed upon in lieu of depositions allowed thereon. From this stipulation it would appear that the proponents of the rule seek to receive a certificate of incorporation of the petitioners which has for one of its objects to "engage in the practice of optometry, through duly registered licensed optometrists in its employ."

For the practice of optometry our legislature, beginning in 1914, has contemplated personal qualification and has limited its practice to those who are thus qualified, and become licensed under the law.

Optometry is defined in the laws of 1919, page 105, to be "the employment of objective and subjective means for the examination of the human eye for the purpose of ascertaining any departure from the normal, measuring its powers of vision and adapting lenses for the aid thereof." Certain qualifications of training, experience and examination are exacted from those who seek the privilege. Both the acts of 1914 and 1919 provide for the issuance of such license only to those who are thus qualified and obviously corporations can not so qualify. The very title of the act regulating the practice (*Pamph. L.* 1914, *p.* 448) implies as much, and throughout the legislation on the subject the personal equation is exhibited as the essential requirement. This being true it is apparent that the legislature never intended the creation of a corporation to do the thing which the law permits the individual alone to do.

The rule is discharged.